JAMES E. DELANEY, RESPONDENT, *v.* WILLIAM C. VAN AULEN, INDIVIDUALLY AND AS TRUSTEE UNDER WILL OF MARY L. KIRBY, DECEASED, APPELLANT.

*Legacy of an annuity, payable out of the income of an estate—when the principal thereof must be resorted to, in case the income prove insufficient.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The defendant's testatrix left a will, the third item of which was as follows:

"*Third.*—I give, devise, and bequeath unto my executors hereinafter named and to the survivor of them, all the rest, residue, and remainder of the estate real and personal of which I may die seized and possessed, in trust, nevertheless, to and for the uses and purposes following, that is to say, to receive the rents and profits of such part thereof as shall consist of real estate, and to invest and keep invested upon bond and mortgage on real estate, or in the public funds of the United States, State and city of New

York, as they may deem most safe and productive, such part thereof as shall consist of personal estate—and apply said rents and profits of real estate and interest, or income of personal estate, to the use of my said husband William L. Kirby during his natural life; except that they shall apply to the use of James E. Delaney, who was brought up by me, the sum of $500 per annum thereout, until he shall arrive at the age of 21 years, and from and after that time the sum of $1,000 per annum thereout, during the lifetime of my said husband William L. Kirby, and from and after the decease of my said husband the sum of $2,000 per annum thereout during his natural life."

No other disposition of the residue was made in the will.

The plaintiff prayed for a judgment declaring that the annuity to him of $2,000 during his natural life be adjudged to be a demonstrative legacy, payable out of the principal of the estate, in case of a deficiency of income.

The defendant claimed that the legacy to the plaintiff was payable out of the income of the estate only, and that, in case in any one year there should be a deficiency of income, that then the said legacy was to rebate in proportion to the amount of such deficiency.

The court at General Term said:

"The case of *Pierrepont* v. *Edwards*, 25 N. Y., 128, is decisive of this. There the annuity was directed to be paid 'out of the income of the estate.' Yet it was held, that, income failing, the principal must be resorted to, and the annuity paid therefrom. No difference is perceived between that and the present case to authorize the application of another rule.

"We have no alternative but to affirm the judgment."

*James F. Malcom*, for the appellant.

*D. P. Barnard*, for the respondent.

Opinion by PRATT, J.; BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs.